IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANK M. MUNIZ,

    Petitioner,

v.                                                      CIV. 11-513 MCA/RHS

TIMOTHY HATCH, Warden,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Petitioner's Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By A Person In State Custody ("Petition") filed June 13, 2011 [Doc. 1]. This case was referred to the undersigned by the trial court with instructions to recommend an ultimate disposition of the case [Doc. 2]. Petitioner challenges his conviction pursuant to a guilty plea, specifically challenging the sentence imposed for the firearm enhancement, before the Second Judicial District Court, County of Bernalillo in Cause No. Cr-2000-1255 [Doc. 1]. The State filed "Respondent's Answer to Petition for Writ of Federal Habeas Corpus (28 U.S.C. § 2254)" ("Respondent's Answer") on January 17, 2012 [Doc. 12]. Petitioner filed his Reply to Respondent's Answer on January 26, 2012 [Doc.13].

After a careful review of pleadings and relevant authorities, the Court recommends that the Petition be denied and that this case be dismissed with prejudice.

## FACTS AND PROCEDURAL HISTORY

On November 6, 2000, Petitioner appeared in state court to be sentenced pursuant to his guilty plea in Crs. 00-1077 and 00-1255 for residential burglary and aggravated assault (deadly

1

weapon) (FE) [Doc.12-1]. The state court consolidated Crs. 00-1077 and 00-1255 for plea purposes [Doc. 12-1 at 10]. The state court sentenced Petitioner as follows: (1) Cr. 00-1077: Petitioner was sentenced to three (3) years, (2) Cr. 00-1255: Petitioner was sentenced to eighteen (18) months, which was "enhanced by a term one (1) year for the firearm enhancement and eight (8) years under the Habitual Offender Act, for a total term of imprisonment of thirteen and one-half (13 ½) years" [Doc. 12-1 at 2]. The state court ordered the sentences to be served concurrently, and then suspended the three (3) year sentence in Cr. 00-1077 [Doc. 12-1 at 2]. On November 29, 2000, the state court entered the Judgment, Partially Suspended Sentence and Commitment ("Judgment") [Doc. 12-1].

On January 7, 2003, Petitioner filed the first of several petitions for writ of habeas corpus in the state court seeking to vacate a 1968 conviction that was used to enhance his sentence as a habitual offender in Cr. 00-1255 [Doc. 12-1 at 1 (Exhibit E)]. On that same date he filed a second petition seeking to vacate an additional 1968 conviction on the same basis [Doc. 12-1 at 19 (Exhibit F)]. On March 26, 2004, Petitioner filed his third Petition for Writ of Habeas Corpus [Doc. 12-1 at 38 (Exhibit H)] seeking to vacate the sentence enhancement for being a habitual offender that was imposed by the state court in Cr. 00-1255. All of these petitions were denied [Docs. 12 at 5-6, 12-2 at 1].

On July 3, 2006, Petitioner filed Petition for Writ of Habeas Corpus in the United States District Court for the District of New Mexico, Civ. 06-594 WJ/LAM, seeking to vacate the sentence imposed in Cr. 00-1077 and claiming that the New Mexico Department of Corrections was violating double jeopardy by incorrectly calculating Petitioner's sentence. On April 12, 2007, the District Court dismissed Petititioner's application for writ of habeas corpus without

prejudice [Doc. 12-4 at 40 (Exhibit T)].  On May 20, 2008, Petitioner filed a second Petition for Writ of Habeas Corpus ("Second Petition") in the United States District Court for the District of New Mexico, Civ. 08-494 MV/LFG, claiming that he was refiling the petition because of the dismissal by the District Court in Civ. 06-594 [Cv. 08-494, Doc.1].  On February 24, 2009, the District Court, after consideration of the Magistrate Judge's proposed findings and recommendation and after thorough review de novo, dismissed Petitioner's Second Petition with prejudice [Civ. 08-494, Doc. 16].  Petitioner appealed to the United States Court of Appeals for the Tenth Circuit, No. 09-2048.  On August 4, 2009, the Tenth Circuit dismissed Petitioner's appeal [Doc. 12-5 at 13 (Exhibit X)].

On March 17, 2011 Petitioner filed another Petition for Writ of Habeas Corpus ("Third Petition") in the state court seeking to vacate the one-year enhanced sentence imposed for use of a firearm in Cr. 00-1255 [Doc. 12-5 at 31 (Exhibit CC)].  On March 21, 2011, the state court entered its Order denying the Third Petition [Doc. 12-5 at 43 (Exhibit DD)].  On April 11, 2011, Petitioner filed his Petition for Writ of Certiorari [Doc. 12-6] with the New Mexico Supreme Court which was denied on April 25, 2011 [Doc. 12-6 at 26 (Exhibit FF)].

On June 12, 2011, Petitioner filed the instant Petition seeking to vacate the one-year firearm enhancement imposed in 2000 by the state court in Cr. 00-1255 [Doc. 1].

## LEGAL STANDARD AND ANALYSIS

Petitioner's § 2254 petition raises one ground for relief, which was the issue he raised in the state habeas proceeding filed on March 17, 2011 [Doc. 12-5 at 31].  Petitioner seeks federal habeas relief claiming that he was denied due process in the state court proceeding based on an alleged defect in the indictment for aggravated assault with a firearm [Doc. 1].

A claim that has been adjudicated on the merits in state court will be reviewed under the deferential standard of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Turrentine v. Mullin, 390 F.3d 1181, 1188 (10th Cir. 2004). Under AEDPA, the Court cannot grant habeas relief pursuant to 28 U.S.C. § 2254(d), unless the decision in the state court proceeding (1) is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) is "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254 (d)(1) - (2). State court decisions must be given the benefit of the doubt. Byrd v. Workman, 645 F.3d 1159, 1166 (10th Cir. 2011) (citing Renico v. Lett, __ U.S. __, 130 S. Ct. 1855, 1862 (2010)). AEDPA increased the deference federal courts must show state court's factual findings and legal determinations. Houchin v. Zavara, 107 F.3d 1465, 1470 (10th Cir. 1997). The Court must presume the factual findings made by the state court are correct and the Petitioner has the burden of rebutting this presumption by "clear and convincing evidence." 28 U.S.C. § 2254 (e)(1).

The State urges this Court to deny the Petition [Doc.1] on three bases: (1) the Petition is time barred pursuant to 28 U.S.C. § 2244(d)(1), (2) the Petition raises an issue that is a matter of New Mexico state law regarding sentencing that the Federal Court is barred from reviewing, or in the alternative the Federal Court should give deference to the state court, and (3) Petitioner was not "in custody" for the purposes of 28 U.S.C. § 2254 at the time of the filing of the Petition.

**I.
PETITIONER'S CLAIM IS TIME BARRED**

The State argues that the Petition should be dismissed with prejudice because it is time barred pursuant to 28 U.S.C. § 2244(d)(1). The State correctly cites to The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) which provides that there is a 1-year limitation period for state prisoners to file an application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The State contends that Petitioner's conviction became final thirty (30) days after entry of the Judgment, Partially Suspended Sentence and Commitment ("Judgment") on November 29, 2000 [Doc. 12-1]. Specifically, it states that the Judgment became final on December 29, 2000 [Doc. 12 at 10].

N.M.S.A. 1978 § 39-3-3, provides that "[i]n any criminal proceeding in district court an appeal may be taken by the defendant to the supreme court or court of appeals. . . within thirty days from the entry of any final judgment." See also, N.M.R.A. Rule 12-201(a)(2) (providing that "[a] notice of appeal shall be filed within thirty (30) days after the judgment or order appealed from is filed in the district court clerk's office.")  "A final judgment in a criminal case is one which . . . adjudicates that defendant to have been convicted of a criminal offense and imposes, suspends or defers sentence." State v. Celusniak, 135 N.M. 728, 732 (Ct. App. 2004) (citing State v. Garcia, 99 N.M. 466, 471 (Ct. App. 1983).

Petitioner argues that the one-year limitation under AEDPA began to run effective April 25, 2011, the date that his Petition for Writ of Certiorari was denied by the New Mexico Supreme Court [Doc. 12-6 at 26 (Exhibit FF)]. Petitioner relies on McCrosky v. State, 82 N.M. 49 (1970) for the proposition that in New Mexico there is no time limit to bring a motion for relief where an incorrect sentence was imposed. Petitioner's reliance is misplaced because McCrosky decided the issue regarding the jurisdiction of the trial court to correct the original

5

sentence. Id at 51.  Petitioner is not contesting the original sentence, but instead is attacking the conviction based on an allegedly defective indictment, so McCrosky does not apply.

Considering the arguments of the parties, the Court finds that there was a final judgment in Petitioner's state court criminal proceeding, Cr. 00-1255, effective December 29, 2000.  As of that date, the one-year statute of limitations began to run.  Petitioner admits that he did not seek any post-conviction relief in the state court until he filed a state habeas corpus petition on January 7, 2003 [ Doc. 12-1 at 12], more than one year after the judgment was final.  Further, Petitioner also admits that he failed to file for state habeas relief on the issue raised herein until March 17, 2011 [Doc. 13 at 4].  Currently, New Mexico places no time limits on filing a state habeas petition but that does not apply to federal habeas petitions which are governed by the provisions of the AEDPA and subject to the one-year statute of limitations for state prisoners to file an application for writ of habeas corpus. Therefore, this Court finds that the Petition should be dismissed as untimely.

## II.
## PETITIONER'S CLAIM FAILS ON THE MERITS

Assuming for argument that Petitioner's claim was not time barred, Petitioner's claim fails on the merits.  Petitioner claims "that the essential element of possession was omitted when presenting the use of a firearm before the grand jury" [Doc. 13 at 7].  He asserts that "possession must be alleged as an essential element in the indictment" [Doc. 13 at 7].  Petitioner readily admits that he entered into a guilty plea in Cr. 00-1255 [Doc. 1 at 2].

A guilty plea admits all elements of the charge and waives all non-jurisdictional defects. United States v. Riles, 928 F.2d 339, 342 (10th Cir. 1991).  "A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final

judgment of guilt and lawful sentence." United States v. Broce, 488 U.S. 563, 569 (1989).  The test "for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'"  Tovar Mendoza v. Hatch, 620 F.3d 1261, 1269 (10th Cir. 2010) (citing Hill v. Lockhart, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (quoting North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970)).  A federal court will "uphold a state court guilty plea on federal review if the circumstances demonstrate that the defendant understood the nature and consequences of the charges against him and that the defendant voluntarily chose to plead guilty."  Miles v. Dorsey, 61 F.3d 1459, 1466 (10th Cir. 1995) (citing Boykin v. Alabama, 395 U.S. 238, 242-44 (1969)).

Petitioner does not dispute that he entered a guilty plea [Docs. 1, 13].  Petitioner also does not allege that his plea was not voluntary or that he did not understand the nature and consequences of the charges against him [Doc. 1, 13].  He specifically states that "he is not challenging the sentence imposed for the crime of aggravated assault with a deadly weapon" [Doc. 13 at 4].  Petitioner further states that he is "only challenging the [] year imposed for the firearm enhancement" [Doc. 13 at 4].  The State argues that federal habeas review on the merits this claim is barred because the claim raised a "matter of New Mexico state law concerning discretionary rulings of the state district court and sentencing" [Doc. 12 at 14].  The State further argues that the Petitioner has not alleged or established that there was a decision contrary to or involved an unreasonable application of federal law, or a decision that was based on an unreasonable determination of the facts.  This Court agrees with the State.

Courts routinely find that a guilty plea waives all non-jurisdictional defects.  Riles, 928

7

F.2d at 342.  There is no dispute that Petitioner entered a guilty plea in Cr. 00-1255.  Therefore, the alleged failure to include an essential element in the indictment is waived by Petitioner's guilty plea.  This Court finds that as a matter of law, Petitioner is not entitled to relief on his claim.

Having found that Petitioner's claim should be dismissed, the Court does not need to address the State's argument that Petitioner was not "in custody" as required by 28 U.S.C. § 2254.

### III.
### REQUEST FOR EVIDENTIARY HEARING

Petitioner requests an evidentiary hearing. [Doc. 1 at 16.]  "[A]n evidentiary hearing is not required on issues that can be resolved by reference to the state court record."  Schriro v. Landrigan, 550 U.S. 465, 474 (2007). "The purpose of an evidentiary hearing is to resolve conflicting evidence." Hooks v. Workman, 606 F.3d 715, 731 (10th Cir. 2010) (citing Anderson v. Attorney General of Kansas, 425 F.3d 853, 860 (10th Cir. 2005)).  Petitioner has not demonstrated that any conflicting evidence exists.  This Court finds that an evidentiary hearing is not required nor would a hearing materially assist in recommending a disposition.

### RECOMMENDED DISPOSITION

The Court concludes that Petitioner is not entitled to any relief with respect to the claim raised in his § 2254 motion.  Therefore, the Court recommends that Petitioner's motion [Doc. 1.] be DENIED and that this civil proceeding be DISMISSED WITH PREJUDICE in its entirety.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant 28 U.S.C. § 636(b)(1), file written objections to these proposed findings and recommended disposition.  A party must file any objections with the

clerk of the district court within the fourteen (14) day period allowed if that party would like to have appellate review of the proposed findings and recommendations. If objections are not filed, appellate review will not be allowed.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE